ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SUN RAY CHINESE SCHOOL INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 4:16-CV-00059-A |
| | § | |
| ARLINGTON SUNRAY CHINESE | § | |
| SCHOOL, INC., ET. AL., | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANTS MEI-HUI HSU AND ARLINGTON SUNRAY CHINESE SCHOOL,**
**INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendants Mei-Hui Hsu and Arlington Sunray Chinese School, Inc. (collectively referred to as "Defendants") file this Answer, Affirmative Defenses and Counterclaim to Plaintiff Sun Ray Chinese School, Inc.'s ("Plaintiff") First Amended Complaint (the "Amended Complaint") filed on July 26, 2016 (ECF #16), and would show the Court as follows:

## I. ANSWER TO THE COMPLAINT

1. Defendants are without sufficient information to admit or deny the first sentence of paragraph 1 of the Amended Complaint. Defendants admit that Mei-Hui Hsu is a former employee of the Plaintiff. Defendants deny the remainder of paragraph 1 of the Amended Complaint.

2. Paragraph 2 of the Amended Complaint does not require a response from the Defendants. However, the Defendants deny that the Plaintiff is entitled to the relief sought.

3. Defendants admit that this Court has jurisdiction to hear the subject matter of this case.

4. Defendants admit that this Court has jurisdiction over the Defendants.

---

5.   Defendants admit that venue is proper with this Court.  Defendants deny that any acts of infringement have actually occurred.

6.   Defendants are without sufficient information to admit or deny the allegations in paragraph 6 of the Amended Complaint.

7.   Defendants deny the information in the first sentence of paragraph 7.  Defendants admit the allegations in the second sentence of paragraph 7.

8.   Defendants deny the allegations in the first sentence of paragraph 8 as it relates to DFW Sunray, but admits that Mei-Hui Hsu and her husband reside at the address stated in the first sentence. Defendants admit the allegations in the second sentence of paragraph 8.

9.   Defendants admit the allegations in paragraph 9.

10. Defendant denies the allegations in the first sentence of paragraph 10.  Defendants admi that Mei-Hui Hsu has registered certain domains, but denies that the domains are "infringing domains."  Defendants admit that Arlington Sunray maintains its website at arlingtonsunray.com and arlingtonsunray.org.  Defendants admit that the websites are available to both residents and non-residents of this District.  Defendants denies the remainder of the allegations made in paragraph 10.

11. Defendants are without sufficient information to admit or deny the allegations in paragraph 11.

12. Defendants are without sufficient information to admit or deny the allegations in paragraph 12.

13. Defendants are without sufficient information to admit or deny the allegations in paragraph 13.

14. Defendants are without sufficient information to admit or deny the allegations in

paragraph 14.

15. Defendants admit the Mei-Hsu was a former employee of the Plaintiff, but denies the remainder of the allegations in paragraph 15 of the amended complaint.

16. Defendants deny the allegations in paragraph 16 of the amended complaint.

17. Defendants admit that they operate Arlington Sunray Chinese School, Inc. but deny the remainder of the allegations in the first sentence in paragraph 17. Defendants admit to have used websites and advertisements to promote their schools. Defendants admit that the advertising was available to both residents and non-residents of this District. Defendants deny the remainder of the allegations in paragraph 17.

18. Defendants admit that Mei-Hui Hsu registered the domains of arlingtonsunray.com and arlingtonsunray.org on October 5, 2010; that Arlington Sunray Chinese School, Inc. was incorporated on March 10, 2011, and that Arlington Sunray accepted students in Spring 2011. Defendants deny the remainder of the allegations in paragraph 18.

19. Defendants deny the allegations in the first sentence of paragraph 19. Defendants admit the allegations in the second sentence of paragraph 19.

20. Defendant Hsu admits to receiving the Plaintiff's 2011 letter, but denies any obligation to respond to the letter and further denies the remainder of the allegations in paragraph 20 of the amended complaint.

21. Defendants admit that DFW Sunray Academy was incorporated on April 2, 2015, that the domain of dfwsunrayacademy.org was registered on April 3, 2015. Defendants deny the remainder of the allegations in paragraph 21 of the amended complaint.

22. Defendants admit that DFW Sunray operated in 2015 and 2016 at 8757 Valley Ranch, but denies the remainder of the allegations in paragraph 22 of the amended complain.

23. Defendants admit that Mei-Hui Hsu is a former employee of the Plaintiff, but denies the remainder of the allegations in paragraph 23 of the amended complaint.

24. Defendants admit that Cindy Chang is a former employee of the Plaintiff, that Cindy Chang and Hsu' sister served of the Board of Directors of Arlington Sunray, but denies the remainder of the allegations in paragraph 24 of the amended.

25. Defendants admit that Mei Hsu's husband was on the board of Directors for DFW Sunray Academy, that Aalok Shah's son attended Arlington Sunray, but deny all of the remainder of allegations in paragraph 25 of the amended complaint.

26. Defendants admit to advertising in their school on their website, but deny all of the remainder of allegations in paragraph 26 of the amended complaint.

27. Defendants admit to advertising in their school in print and a Chinese Newspaper, but deny all of the remainder of allegations in paragraph 27 of the amended complaint.

28. Defendants deny all of the allegations in paragraph 28 of the amended complaint.

29. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 29 of the amended complaint.

30. Defendants deny all of the allegations in paragraph 30 of the amended complaint.

31. Defendants deny the false advertising allegations contained in the first sentence of paragraph 31 of the amended complaint.  Defendants admit that DFW Sunray was incorporated in 2015, that Arlington Sunray was incorporated in 2011, but deny the remainder of the allegations contained in paragraph 31 of the amended complaint.  Defendant denies that Exhibit B was attached to the Plaintiff's amended complaint, no such designation could be found.

32. Defendants admit that Arlington Sunray's website included older photos, but such photos

were not necessarily deemed the property of the Plaintiff.  Defendants deny the remainder of the allegations in paragraph 32 of the amended complaint.

33. Defendants admit that Plaintiff has contacted them, but deny the remainder of the allegations contained in paragraph 33 of the amended complaint.

34. Defendants admit the allegations in the first sentence of paragraph 34 of the amended complaint, but deny that there is an "Exhibit D" designation attached to the amended complaint. Defendants deny the remainder of the allegations in paragraph 34 of the amended complaint.

35. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 35 of the amended complaint, as the Plaintiff only attached an "Exhibit F" cover sheet of some sort, but did not attach a copy of the actual document that "Exhibit F" purports to represent.

36. Defendants admit the allegations in paragraph 36 of the amended complaint.

37. Defendants admit the allegations in paragraph 37 of the amended complaint.

38. The allegations in paragraph 38 of the amended complaint are legal conclusions and require no response from the Defendants.  However, the Defendants deny all allegations in paragraph 38.

39. The allegations in paragraph 39 of the amended complaint are legal conclusions and require no response from the Defendants.  However, the Defendants deny all allegations in paragraph 39.

40. Paragraph 40 incorporates the allegations contained in the preceding 39 paragraphs of the amended complaint.  Therefore, the Defendants answer by incorporating by reference the preceding paragraphs of this answer.

41.  The allegations in paragraph 41 of the amended complaint are legal conclusions and

require no response from the Defendants.  However, the Defendants deny all allegations in paragraph 41.

42. The allegations in paragraph 42 of the amended complaint are legal conclusions and require no response from the Defendants.  However, the Defendants deny all allegations in paragraph 42.

43. Paragraph 43 incorporates the allegations contained in the preceding 42 paragraphs of the amended complaint.  Therefore, the Defendants answer by incorporating by reference the preceding paragraphs of this answer.

44. The allegations in paragraph 44 of the amended complaint are legal conclusions and require no response from the Defendants.  However, Defendants admit that Arlington Sunray has engaged in commerce in the State of Texas, has a school, has a website and markets its services.

45. The allegations in paragraph 45 of the amended complaint are legal conclusions and require no response from the Defendants.  However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

46. The allegations in paragraph 46 of the amended complaint are legal conclusions and require no response from the Defendants.  However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

47. Paragraph 47 incorporates the allegations contained in the preceding 46 paragraphs of the amended complaint.  Therefore, the Defendants answer by incorporating by reference the preceding paragraphs of this answer.

48. The allegations in paragraph 48 of the amended complaint are legal conclusions and require no response from the Defendants.  However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

49. Paragraph 49 incorporates the allegations contained in the preceding 48 paragraphs of the amended complaint.  Therefore, the Defendants answer by incorporating by reference the preceding paragraphs of this answer.

50. The allegations in paragraph 50 of the amended complaint are legal conclusions and require no response from the Defendants.  However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

51. The allegations in paragraph 51 of the amended complaint are legal conclusions and require no response from the Defendants.  However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

52. The allegations in paragraph 52 of the amended complaint are legal conclusions and require no response from the Defendants.  However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

53. Paragraph 53 incorporates the allegations contained in the preceding 52 paragraphs of the amended complaint.  Therefore, the Defendant Mei-Hui Hsu ("Hsu") answers by incorporating by reference the preceding paragraphs of this answer.   The allegations in Amended Complaint paragraphs 53 – 74 pertain to Plaintiff's claims against Defendant Hsu, and not claims against Arlington Sunray.  Therefore, no answer is required of Arlington Sunray.

54. Defendant Hsu deny the allegations in paragraph 54.

55. Defendant Hsu denies the allegations in the first sentence of paragraph 55 of the amended Complaint.  Defendant denies registering dfwsunrayacademy.org while employed with the Plaintiff.  Defendant admits to registering arlingtonsunray.org while employed with the Plaintiff.  Defendant admits that she assisted with the operation of Arlington Sunray.  Defendant denies the remainder of the allegations in paragraph 55 of the Amended Complaint.  Defendant Hsu further

pleads that Plaintiff has misconstrued any prior statements made by Defendant Hsu as the Plaintiff has attempted to purport an inaccurate depiction of the facts. Defendant Hsu further pleads that merely because a website domain was registered while employed with the Plaintiff is not an indicator of bad faith, especially when the Plaintiff voluntarily chose to close its Arlington due to financial reasons prior to Defendant Arlington Sunray's actual opening.

56. Defendant Hsu deny the allegations in paragraph 56.

57. The allegations in paragraph 57 of the amended complaint are legal conclusions and require no response from Defendant Hsu. However, Defendant Hsu denies all allegations and further deny that Plaintiff is entitled to any of the relief requested.

58. Defendant Hsu deny the allegations in paragraph 58. Defendant further pleads that Plaintiff stated earlier in paragraph 37 that the UDRP proceeding was dismissed without prejudice, making no findings on the substance of the Plaintiff's complaint. Therefore, Plaintiff conceded that Defendant Hsu was under no obligation to transfer any web domain to the control of the Plaintiff.

59. Defendant Hsu deny the allegations in paragraph 59.

60. Defendant Hsu deny the allegations in paragraph 60.

61. The allegations in paragraph 61 of the amended complaint are legal conclusions and require no response from Defendant Hsu. However, Defendant Hsu denies all allegations in paragraph 61.

62. The allegations in paragraph 62 of the amended complaint are legal conclusions and require no response from Defendant Hsu. However, Defendant Hsu denies all allegations in paragraph 62.

63. The allegations in paragraph 63 of the amended complaint are legal conclusions and

require no response from Defendant Hsu.  However, Defendant Hsu denies all allegations and further deny that Plaintiff is entitled to any of the relief requested.

64. The allegations in paragraph 64 of the amended complaint are legal conclusions and require no response from Defendant Hsu.  However, Defendant Hsu denies all allegations and further deny that Plaintiff is entitled to any of the relief requested.

65. The allegations in paragraph 65 of the amended complaint are legal conclusions and require no response from Defendant Hsu.  However, Defendant Hsu denies all allegations and further deny that Plaintiff is entitled to any of the relief requested.

66. Paragraph 66 incorporates the allegations contained in the preceding 65 paragraphs of the amended complaint.  Therefore, Defendant Hsu answers by incorporating by reference the preceding paragraphs of this answer.

67. Defendant Hsu admits that she is an individual, but deny remainder of the allegations in paragraph 67.

68. Defendant Hsu admits that she is on the board of directors of Arlington Sunray, but deny remainder of the allegations in paragraph 68.

69. Defendant Hsu denies the allegations in paragraph 69 of the amended complaint.

70. Defendant Hsu denies the allegations in paragraph 70 of the amended complaint.

71. Defendant Hsu denies the allegations in paragraph 71 of the amended complaint.

72. Defendant Hsu denies the allegations in paragraph 72 of the amended complaint.

73. Defendant Hsu denies the allegations in paragraph 73 of the amended complaint.

74. The allegations in paragraph 74 of the amended complaint are legal conclusions and require no response from Defendant Hsu.  However, Defendant Hsu denies all allegations and further deny that Plaintiff is entitled to any of the relief requested.

75. The allegations in Amended Complaint paragraphs 75 pertain to Plaintiff's claims against Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu. Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu.

76. The allegations in Amended Complaint paragraphs 76 pertain to Plaintiff's claims against Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu. Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an abundance of caution, Defendant Hsu nonetheless answers, and denies the allegations on paragraph 76.

77.    The allegations in Amended Complaint paragraphs 77 pertain to Plaintiff's claims against Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu.  Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an abundance of caution, Defendant Hsu nonetheless answers, and admits that her husband is on the board of directors of DFW Sunray but denies the allegations on paragraph 77.  Defendant Hsu further pleads  that DFW Sunray also had control and access to its own bank account.

78. The allegations in Amended Complaint paragraphs 78 pertain to Plaintiff's claims against Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu. Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu.

79. The allegations in Amended Complaint paragraphs 79 pertain to Plaintiff's claims against Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu. Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an abundance of caution, Defendant Hsu nonetheless answers, and denies the allegations on paragraph 79.

80. The allegations in Amended Complaint paragraphs 80 pertain to Plaintiff's claims against

Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu.
Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an
abundance of caution, Defendant Hsu nonetheless answers, and denies the allegations on
paragraph 80.

    81. The allegations in Amended Complaint paragraphs 81 pertain to Plaintiff's claims against
Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu.
Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an
abundance of caution, Defendant Hsu nonetheless answers, and denies the allegations on
paragraph 81.

    82. The allegations in Amended Complaint paragraphs 82 pertain to Plaintiff's claims against
Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu.
Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an
abundance of caution, Defendant Hsu nonetheless answers, and denies the allegations on
paragraph 82.

    83. The allegations in Amended Complaint paragraphs 83 pertain to Plaintiff's claims against
Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu.
Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an
abundance of caution, Defendant Hsu nonetheless answers, and denies the allegations on
paragraph 83.

    84. The allegations in Amended Complaint paragraphs 84 pertain to Plaintiff's claims against
Defendant DFW Sunray Academy, and not claims against Arlington Sunray and Mei-Hui Hsu.
Therefore, no answer is required of Arlington Sunray and Mei-Hui Hsu. However, in an

abundance of caution, Defendant Hsu nonetheless answers, and denies the allegations on paragraph 84.

85. Paragraph 85 incorporates the allegations contained in the preceding 84 paragraphs of the amended complaint. Therefore, the Defendants answer by incorporating by reference the preceding paragraphs of this answer.

86. The allegations in paragraph 86 of the amended complaint are legal conclusions and require no response from the Defendants. However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

87. The allegations in paragraph 87 of the amended complaint are legal conclusions and require no response from the Defendants. However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

88. The allegations in paragraph 88 of the amended complaint are legal conclusions and require no response from the Defendants. However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

89. The allegations in paragraph 89 of the amended complaint are legal conclusions and require no response from the Defendants. However, Defendants deny all allegations and further deny that Plaintiff is entitled to any of the relief requested.

90. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

91. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

92. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

93. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

94. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

95. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

96. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

97. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

98. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

99. Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

100.       Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

101.       Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## II. AFFIRMATIVE DEFENSES

1.   Defendants Hsu and Arlington Sunray pleads that if the Plaintiff has suffered damages, those damages are the proximate cause of the Plaintiff own conduct, in that, among other things, Plaintiff:  1) Failed to notify its parents and students regarding the closure its Arlington Campus; 2) experienced financial problems prior to the closure of the Arlington Campus, which led to

their decision to close the Arlington campus; 3) Plaintiff has a personal issue against Defendant Mei-Hui Hsu which has poured over into the courtroom.

2.  Plaintiff's claims are barred by the statute of limitations.

3.  Plaintiff's claims are barred by acquiescence.

4.  Plaintiff's claims are barred by laches.

5.  Plaintiff's claims are barred by estoppel.

6.  Plaintiff's claims are barred by quasi-estoppel.

7.  Plaintiff's claims are barred by waiver.

8.  Plaintiff's claims are barred by lack of notice.

9.  Plaintiff's claims are bared by ratification.

10. Plaintiff's claims are barred by the doctrine of unclean hands.

11. Plaintiff's claims are barred because the acts alleged to not involve interstate commerce.

12. Plaintiff's claims are barred because Plaintiff has failed to mitigate its alleged damages.

13. Plaintiff's claims are barred because of Plaintiff's own acts or omissions caused or contributed to its alleged injury.

14. Plaintiff's claims are barred by the doctrine of proportionate responsibility.

15. Plaintiff's claims are barred because Plaintiff's damages are speculative.

16. All actions taken by Defendants were justified, privileged or excused, were consistent with the exercise of Defendants' legitimate business interests, or were an exercise of Defendants own rights in good faith.

17. Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

18. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## II. PRAYER FOR RELIEF

Defendants respectfully request that all of Plaintiff's claim be dismissed, with prejudice and for such other relief in equity and in law, inclusive of attorney's fees, be awarded to Defendants. Defendants pray that Plaintiff takes nothing.

Dated: 8 AUGUST 2016

Respectfully submitted,

Lantis G. Roberts
State Bar No. 24057463
E-Mail: Lantis@kreativelaw.com
LAW OFFICE OF LANTIS G. ROBERTS, PLLC
1502 Houston Street, Suite 108
Grand Prairie, Texas 75050
Tel. (817) 768-1819
Fax (817) 704-4529

**ATTORNEY FOR DEFENDANTS
MEI-HUI HSU AND
ARLINGTON SUNRAY CHINESE SCHOOL,**

## CERTIFICATE OF SERVICE

On August 8, 2016 I filed the foregoing document with the clerk of the court for the U.S. District Court in the Northern District of Texas. I hereby certify that I have served the Plaintiff in accordance with Local Rule 5.1(d) or by another manner authorized by the Federal Rules of Civil Procedure 5(b)(2) via **CMRRRR** as follows:

**via CMRRRR 7011 2000 0001 4436 0793**

Aaron Davidson
Klemchuk LLP
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Aaron.davidson@klemchuk.com

**via CMRRRR 7011 2000 0001 4436 0786**

John David Blakley
Dunn Sheehan LLP
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
jdblakley@dunnsheehan.com

Darius G. Roberts